## NEW YORK SUPERIOR COURT.

Scott agt. Guthrie and others.

The *certificate of acknowledgment* of an assignment for the benefit of creditors is sufficient to cover the schedule of property annexed, although it *precedes the schedule.*

Where the assignors are *non-residents,* the assignment is properly recorded in the *county where the property is located.*

Where the assignors, after providing for the payment of their copartnership debts, provided for the payment of their *individual debts of unequal amounts, held,* that if that clause was void under the statute, by reason of its being evidence of an intent to hinder, delay or defraud individual creditors of the assignor who had the fewest, that defeat could not be taken advantage of by any other, and particularly preferred creditors. (*This seems to be adverse to O'Neil* agt. *Salmon, ante,* 246.)

*New York General Term, April,* 1863.

ROBERTSON and MONELL, *Justices.*

THE defendants being copartners in business, and non-residents, made a general assignment of all their property, and directed the payment of certain preferred debts named in a schedule annexed, then all other partnership debts of the assignors, and then the individual debts of the assignors, and to return the surplus. The schedule was annexed to the assignment, but the acknowledgment of the assignment preceded the schedule, and it appeared that the assignors owed individual debts which were of unequal amounts.

The questions raised by the plaintiff, who was a creditor of the firm, were, whether the certificate of acknowledgment was sufficient and covered the schedule; whether, the assignors being non-residents, the assignment was properly recorded in the county where the property was, and whether there was not enough on the face of the assignment to render it fraudulent and void.

The court, MONELL, Justice. The certificate of acknowledgment was properly and sufficiently indorsed, and

covered the schedule ; the assignors being non-residents, the assignment was properly recorded in the county where the property was.   It does not follow that because the omission to do any or all of the acts required by the law of 1860, relative to assignments for the benefit of creditors, may render an assignment inoperative and void, that it is thereby rendered fraudulent also.   There was nothing on the face of the assignment to render it fraudulent and void.   The assignors had a right, after providing for the payment of all their partnership debts, to direct the payment of their individual debts, and the plaintiff, a creditor of the firm, could not object.

ROBERTSON, J.   That such clause, if void, is only so under the statute against conveyances for the grantor's use, (2 *R. S.*, 135, § 1,) and does not avoid the whole assignment.   Although, if such clause respecting individual creditors may be void under the statute against conveyances with an intent to hinder, delay and defraud creditors (2 *R. S.*, 137, § 1) by reason of its being evidence of an intent to hinder, delay or defraud individual creditors of the assignor who had the fewest, that defeat cannot be taken advantage of by any other, and particularly preferred creditors, whom there is no evidence of an intent to hinder, delay or defraud.   Fraud in an assignment is made by the Revised Statutes a question of fact and not of law.   (2 *R. S.*, 137, § 4.)